Receipt number AUSFCC-9907748

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TYRONE RITTER, on behalf of himself and individuals similarly situated, | CASE NO.: 24-1608 C |
| Plaintiff, | COLLECTVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| vs. | |
| THE UNITED STATES, | |
| Defendant. | |
| _____/ | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Tyrone Ritter, individually and on behalf of all other similarly situated individuals, by and through undersigned counsel, brings suit against Defendant, the United States of America, to redress actions and omissions taken by Defendant in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## INTRODUCTION

1.  The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA and Title V require overtime pay for covered employees who work in excess of 8 hours per workday or 40 hours per workweek. 29 U.S.C. 207(a); 5

C.F.R. § 551.501. And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

2. Plaintiff, Tyrone Ritter, brings this action individually and on behalf of all other similarly situated current and former employees who work or worked for the Federal Emergency Management Agency ("FEMA") in the position of "Program Specialist (Field Representative-Disaster Inspection)" (hereinafter, "Damage Inspectors"), who have been employed by FEMA at any time from three years preceding the filing of this action through the final disposition of this matter, and have timely filed consent forms to join this collective action ("Collective Members" or "Putative Collective Members").

3. These Putative Collective Members should be informed of the pendency of this action and apprised of their rights. Plaintiff's consent to join this action is attached hereto as **Exhibit 1**.

4. As set forth more fully below, FEMA failed to pay Plaintiff and Putative Collective Members complete and proper overtime compensation by virtue of their illegal pay policies and practices.

## PARTIES

5. Plaintiff is an individual residing in Mansfield, Texas and has worked for FEMA as a Damage Inspector since approximately September 2020.

6. The Putative Collective Members include all Damage Inspectors who were subjected to the same or similar payment policies as Plaintiff at any time from the three years preceding the filing of this action through the final disposition of this matter.

7. Defendant, the United States of America, has acted principally through the Federal Emergency Management Agency ("FEMA"), an Agency of the United States Department of Homeland Security, relative to Plaintiff and those similarly situated.

8. At all relevant times, the agents, officers, and representatives of the United States who took the actions at issue were duly authorized by the United States to take those actions and thus Defendant is responsible for the actions described in this Complaint.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1491.

## FLSA COVERAGE

11. At all material times, Defendant has been an "employer" within the meaning of 29 U.S.C. § 203(d).

12. At all material times, Plaintiff and the Putative Collective Members are (or were) "employees" as defined by 29 U.S.C. § 203(e).

## WAGE VIOLATIONS

13. As a Damage Inspector, Plaintiff's primary job duty is to conduct onsite or remote inspections of the homes of individuals seeking disaster assistance from FEMA.

14. Depending on the location of the disaster, Damage Inspectors may need to travel to field sites in order to provide hands-on support.

15. While deployed, Damage Inspectors regularly work more than eight (8) hours per day and more than forty (40) hours per week.

16. However, due to Defendant's common compensation policies, Plaintiff and the putative Collective Members were not always paid time and one-half their regular rate of pay for all hours worked in excess of 8 hours per workday or 40 hours per workweek.

17. Specifically, prior to approximately March 22, 2023, FEMA uniformly classified its Damage Inspectors as "exempt" under the FLSA. As a result, any "overtime" compensation paid for hours worked over 8 hours per day and forty (40) hours per week were paid at a rate less than time-and-one-half the Damage Inspector's hourly rate of pay.

18. On or about early 2023, some damage inspectors complained to Human Resources about being classified as exempt from overtime compensation. *See* email from Field Services Section Front Office, attached as **Exhibit 2**.

19. On or about March 22, 2023, FEMA reclassified the Damage Inspector position from "exempt" to "non-exempt" meaning, moving forward, Damage Inspectors would be paid time-and-half their hourly rate of pay for any hours worked over 8 hours per day and forty (40) hours per week.

20. Despite this reclassification, FEMA did not change the Position Description in any material way. *Compare* Damage Inspector Position Description prior to March 22,

2023, attached as **Exhibit 3**, *with* Damage Inspector Position Description post-March 22, 2023, attached as **Exhibit 4**.[1]

21.  Plaintiff and the Putative Collective Members should have *never* been classified as exempt because they did not perform exempt job duties under any of the exemptions to the FLSA.

22.  After FEMA reclassified the position, numerous Damage Inspectors questioned whether they would be paid backpay for unpaid overtime compensation due prior to the reclassification.

23.  FEMA's Front Office staff actively deterred Damage Inspectors from making claims for unpaid overtime compensation.

24.  For example, FEMA's "Field Services Section Front Office" staff sent an email to FEMA Unit Supervisors asking them to tell Damage Inspectors *not* to contact the Front Office staff about unpaid overtime compensation; that FEMA was conducting a review to determine who (if anyone) would be entitled to backpay; and that additional information would be forthcoming. *See* email attached as **Exhibit 5**.

25.  Thereafter, Plaintiff never heard from FEMA about his unpaid overtime compensation despite the fact that Plaintiff previously had worked overtime hours while "exempt" and not been paid full and complete overtime compensation.

26.  In addition to FEMA's illegal classification of Damage Inspectors as exempt from overtime compensation, FEMA also violated the FLSA as a result of certain Unit

---

[1] Plaintiff disputes that the Position Description accurately portrays the Damage Inspector's actual job duties.

Leaders requiring "comp time" in lieu of overtime compensation for "administratively uncontrollable travel."

27. FEMA defines "administratively uncontrollable travel" as follows:

> 1. <u>Administratively Uncontrollable Travel</u> is travel which must be scheduled and conducted outside the employee's regular scheduled tour of duty to avoid a significant negative impact to mission or operational performance. Time spent in administratively uncontrollable travel status outside the employee's regular scheduled tour of duty is considered hours of work and the employee is entitled to overtime pay at the employee's applicable overtime rate.

FEMA, Manual 253-2-1, Premium Pay, December 2023, Version 2.0, p. 42.

28. As evidenced above, according to FEMA's Premium Pay manual, administratively uncontrollable travel counts as hours worked and Damage Inspectors are entitled to overtime pay at the employee's applicable overtime rate.

29. However, certain Unit Leaders did not apply the policy in this way.

30. Certain Unit Leaders required Damage Inspectors to take compensatory time off in lieu of overtime compensation, and then banked those hours at a 1:1 ratio (i.e. 1 hour of work equates to 1 hour of compensatory time off). *See* communications between Plaintiff and his supervisor, attached as **Exhibits 6 and 7.**

31. In approximately August 2024, Plaintiff complained about the application of this policy to Colton Hagmier, Assistant Administrator with FEMA.

32. Thereafter, Field Services Section Front Office sent an email to Unit Leaders instructing them to provide overtime compensation moving forward. *See* email to Unit Leaders, attached as **Exhibit 8**.

33. Field Services Section Front Office further instructed Unit Leaders that Damage Inspectors could seek backpay through January 14, 2024. *See id.*

34. Unit Leaders then instructed Damage Inspectors that comp time travel could be turned into overtime, but the hours would be deducted from the employee's annual leave.

35. FEMA/Unit Leaders have also not provided liquidated damages or interest on backpay, despite their admitted failure to properly pay overtime compensation.

36. In light of the foregoing, at all times relevant to this action, Defendant failed to comply with the FLSA because Defendant made no provision to properly pay Plaintiff and the Putative Collective Members for all overtime hours worked and did not pay all overtime hours at the correct rates of pay.

37. Defendant's actions were knowing, willful, or in reckless disregard to its obligations under the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

38. Plaintiff brings this action as a collective action on behalf of a group of individuals similarly situated. Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notice to potential opt-in individuals who are or were employed by Defendant as Damage Inspectors, and who were subjected to the same or similar payment policies as Plaintiff at any time during the three years preceding the filing of this action (the "FLSA Collective").

39. Potential opt-in members of the collective action are similarly situated to Plaintiff.

40. They all held the same/similar job position and had substantially similar job requirements and pay provisions with Defendant.

41. They are or were subject to the same common practices, policies, and plans of Defendant.

42. The resolution of their claims will rely on common evidence.

43. They all suffered damages in the nature of lost overtime and other wages resulting from the wrongful conduct of their respective employer-Defendant.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

44. Plaintiff and the Putative Collective Members incorporate by reference paragraphs 1-43 as though fully and completely set forth herein.

45. Defendant's practice of failing to pay Plaintiff and Putative Collective Members time-and-a-half rate for hours in excess of 8 hours per workday or forty (40) per workweek violates the FLSA and Title V.

46. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff and the Putative Collective Members.

47. Defendant's failure to properly compensate Plaintiff and Putative Collective Members at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of 8 hours per workday or forty (40) hours in a workweek,

results from Defendant's common payment policy or practice that applies to all similarly-situated employees.

48. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation correctly to Plaintiff and the Putative Collective Members.

49. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters/OPM Guidance or (d) the Code of Federal Regulations.

50. Accordingly, Plaintiff and the Putative Collective Members bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter.

51. Plaintiff and the Putative Collective Members contend that Defendant's conduct in violating the FLSA is willful. Accordingly, Plaintiff and the Putative Collective Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter.

52. As a result of Defendant's willful violation, Plaintiff and the Putative Collective Members are entitled to liquidated damages.

53. Pursuant to the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(i), Plaintiff and the Putative Collective Members are entitled to "an amount equal to all or any part of the

pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period."

54. Pursuant to the Back Pay Act, 5 U.S.C. § 5596(b)(2), Plaintiff and the Putative Collective Members are entitled to recover interest, compounded daily, on their back pay damages for a defendant's failure to pay them overtime compensation.

55. Plaintiff and the Putative Collective Members also seek to recover their reasonable attorneys' fees and costs under 29 U.S.C. § 216(b) and 5 U.S.C. § 5596(b)(1)(A)(ii).

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of all other similarly situated persons, respectfully requests that this Court enter judgment against the Defendant:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Putative Collective Members;

    b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For a declaratory judgment that Defendant has willfully and in bad faith violated the overtime wage provisions of the FLSA, and has

   deprived Plaintiff and the Putative Collective Members of their rights to such compensation;

d. For an Order requiring Defendant to provide a complete and accurate accounting of all overtime wages to which Plaintiff and all Putative Collective Members are due;

e. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

f. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

g. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

h. For an Order awarding Plaintiff (and those who have joined in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 9, 2024               Respectfully submitted by:


**MORGAN & MORGAN, P.A**.

**/s/ ANDREW FRISCH**
ANDREW R. FRISCH
Florida Bar No. 27777
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Email: *AFrisch@forthepeople.com*

*ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE COLLECTIVE MEMBERS*